CITY OF LOWELL *vs.* BRYAN MORSE & others.

An incorporated city need not sue in the name of "the inhabitants of the city," but may sue by its name of incorporation.

In a suit by "the city of Lowell" (the corporate name of the plaintiffs) on a bond, the declaration averred that the bond was made "to the plaintiffs," by the name of "the inhabitants of the city of Lowell." *Held*, on demurrer, that the declaration was sufficient, and that the plaintiffs were entitled to judgment.

DEBT on a bond, in which the defendants acknowledged themselves held and bound unto the inhabitants of the city of Lowell in the sum of, &c. to be paid to William Davidson, treasurer of said city, or his successors in office. The suit was brought in the corporate name of the plaintiffs, viz., "the city of Lowell;" and the declaration averred that the bond was made to the plaintiffs by the name of the inhabitants of the city, &c. The defendants demurred to the declaration, and *Putnam*, J. overruled the demurrer, at *nisi prius;* whereupon the defendants submitted to a default, subject to the opinion of the court on these questions : *First,* whether the city of Lowell is a corporation which can sue in its corporate name. *Second,* whether the city of Lowell can maintain a suit, in said corporate name, on said bond made to "the inhabitants of the city of Lowell "

*E. Fuller,* for the defendants.

*Wentworth,* for the plaintiffs.

DEWEY, J. It is objected that the plaintiffs are not properly described in the writ, the action being instituted in the name of "the city of Lowell," and not in the name of "the inhabitants of the city of Lowell." That the plaintiffs are described in the very language of their corporate name is conceded ; and it would seem difficult to raise any valid objection to their use, in legal proceedings, of their legal corporate name. Such use, it is admitted by the defendants, would be correct in suits in favor of corporations generally, as banks, manufacturing corporations, and others of like character ; but it is insisted that a city corporation is more limited in its objects and purposes, and is therefore more properly to be considered a *quasi* corporation, and as such, its individual inhabitants are liable to respond

40 *

all judgments against the city, in like manner as the inhabitants of towns. It is further said that in actions in favor of town corporations, it is the immemorial usage to describe the plaintiffs by the terms, " the *inhabitants* of L——; " and we admit the correctness of this view of the matter, as to the individual liability of the inhabitants to be called upon to respond any judgment against the city, and as to the general practice alluded to, in the mode of instituting suits in favor of towns. Ho v this form of describing the party in such cases originated, or whether it ever received any direct judicial sanction, we are not apprized ; but we certainly do not mean to suggest any doubt of its correctness. Probably it found its precedent in the forms used in England in suits against hundreds. By a recurrence to the earlier books of entries, it will be seen that in such cases the usual form, in which the party is described, is that of " the men inhabiting in the hundred," or " the men inhabitants of the hundred." Levinz Ent. 21. Vidian's Ent. 210. 2 Saund. 374. 1 Lil. Ent. 295. See also 7 Went. Plead. 233. Fitzg. 296.

But this form of description of the party has not with us uniformly been adopted in respect to corporations, whose members are held individually liable to respond judgments rendered against the corporation. The case of parishes is an instance of this class ; yet the practice has more generally been to use the corporate name of the parish, and not the description, " the inhabitants of the parish, &c." Both forms have been used, and without any exceptions to them. A mode similar to that adopted in the present case has become somewhat familiar to us, in the various actions that have been instituted by the city of Boston No question has thus far been made as to the form in those cases. And in the case of a town corporation, where an objection was taken to an indictment, that the defendants were improperly described, being named as " the town of D——," it was held that the party was rightly named. *Commonwealth* v. *Dedham*, 16 Mass. 141.

The court do not perceive any legal objection to the description of the plaintiffs in the present suit, and are of opinion, that

the corporate name of the city may be properly taken to be the name in which it may institute suits at law.

The further objection is also made, that the plaintiffs cannot recover, because the bond, upon which this action is brought, is one in which the obligors acknowledged themselves held and bound to "the *inhabitants* of the city of Lowell," but the suit is instituted by "the city of Lowell," and is therefore liable to the objection of variance between the *allegata* and the *probata.* Upon referring to the declaration, it will be seen that the obligation is truly set forth according to the precise form shown by the evidence, but with the further averment, that it was made to the plaintiffs, as obligees, by the name and style of "the inhabitants of the city of Lowell." To this declaration the defendants originally demurred, and thereby admitted all the facts well set forth in the pleadings, and thus confessed that the plaintiffs were in truth the obligees, under the name and style of the inhabitants of the city of Lowell ; and upon this demurrer, the judge at *nisi prius* ruled in favor of the plaintiffs. And upon the question now presented, whether "the city of Lowell" can maintain a suit in their corporate name, upon a bond given to "the inhabitants of the city of Lowell," the declaration containing the proper averment alleging the bond to be made to the plaintiffs, and the facts alleged being taken as true, the court are of opinion that the action may be maintained in its present form. · The promise, in such a case, may well be declared on according to its legal import and effect. It is only necessary to ascertain the party to whom the promise was really made. This, by the pleadings and facts conceded, is made certain. And being so, the misdescription, in the bond, of the corporate name of the plaintiffs, is no objection to their right to recover thereon. *Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360, and *Commercial Bank* v. *French,* 21 Pick. 486, cited by the plaintiffs' counsel, are cases directly bearing upon this point, and are well sustained by numerous authorities therein referred to. (See *ante,* 359 )

*Judgment for the plaintiffs.*