## Ichenhauser Company v. Landrum's Assignee.

(Decided April 22, 1913.)

### Appeal from McLean Circuit Court.

1. **Pleading—Answer to Petition Seeking Enforcement of Mortgage Made in Contemplation of Insolvency—Sufficiency of.**—An allegation in an answer to a petition seeking the enforcement of a mortgage, that the mortgage was made in contemplation of insolvency and with the design to prefer the mortgagee to other creditors, followed by a prayer that it be so adjudged, the answer having been controverted by a reply, is sufficient, although the caption of the answer did not contain the word "counterclaim."

2. **Pleading—When Plea of Limitation Not Available.**—An amended answer filed after six months making more specific the allegations of the original answer, did not bring in a new cause of action, and the statute of limitations is not available.

3. **Mortgages—What Not Sufficient to Show Insolvency of Mortgagee at Execution of Mortgage.**—Although the mortgagee is shown to be insolvent two months after the mortgage was executed, this is not sufficient to show that he was insolvent when the mort-

gage was executed, it appearing that about the time the mortgage was executed he had other assets sufficient to pay all his debts, and it not appearing what became of them.

4. Mechanics' Liens—Notice—Priority Over Recorded Mortgage.— A material man must give notice as required by the statute after he furnishes his last material; and to obtain priority over a mortgage duly recorded without notice he must file a statement in the county clerk's office showing the amount he intends to furnish before the mortgage is recorded.

5. Foreign Corporations—What Does Not Constitute Carrying on Business in This State Within Meaning of Statute.—A foreign corporation having a debt against a resident of this State which takes a mortgage to secure its debt on land here, is not carrying on business here within the meaning of the Kentucky Statutes.

J. W. BOSTON for appellant.

R. ALEXANDER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

For several years previous to 1911, W. F. Landrum did business in the name of the Calhoun Drug Company; and while so doing business he became indebted to the Ichenhauser Company in the sum of $572.71, it being a corporation doing a wholesale business at Evansville, Indiana. On February 22, 1911, to secure its debt, he executed to it a mortgage on certain real estate owned by him subject to a lien of $100 in favor of W. Galloway, and a lien of $360 in favor of the Calhoun Planing Mill Company. On April 12, 1911, Landrum made a deed of assignment to Joe H. Miller of all his property for the benefit of his creditors. Miller qualified at once and soon thereafter brought this suit for the settlement of his trust. Ichenhauser Company was not made a defendant to the suit. It filed its petition setting up its debt and mortgage and asking that its mortgage be enforced. By answer to this petition, Miller, as assignee, pleaded that the mortgage was executed by W. F. Landrum to secure a pre-existing debt when he was insolvent in contemplation of insolvency and with the intent to prefer the mortgagee to his other creditors. This answer was filed at the May term of the court and within six months after the execution of the mortgage. Although he prayed that the mortgage be declared a preferential act under the statute, he did not make his answer a cross petition or a counter claim. The Ichenhauser Company filed a reply

to the answer denying its allegations. At the November term of the court and more than six months after the mortgage had been recorded, the assignee filed an amended answer in which he set out the facts more in detail, and again prayed that the mortgage be adjudged preferential. In reply to this amended answer, the Ichenhauser Company pleaded the six months statute of limitations. Proof was taken and on final hearing the circuit court adjudged the mortgage preferential, A. O. Oost and the Calhoun Planing Mill Company asserted mechanics liens on the property. The circuit court sustained the demurrer of the Ichenhauser Company to these claims. The Ichenhauser Company appeals.

The circuit court did not err in refusing to apply the statute of limitations. Although the assignee did not in his answer to the petition, seeking the enforcement of the mortgage, make his answer a cross petition or counter claim, he did assail in the answer the mortgage as a preferential act, and he prayed that it be so adjudged. When the mortgagee replied to this answer denying its allegations, the issue was made up, and there was no need then that the plaintiff should amend his answer and make it a cross petition or counter claim. The amended answer simply amended the original answer in matter of detail. It did not assert a new cause of action; it only perfected the cause of action which had been previously set up.

But the evidence does not warrant the conclusion of the circuit court that the mortgage was executed in contemplation of insolvency, and with the design to prefer one creditor to others. The proof for the assignee shows that when the assignment was made Landrum owed about $3,600, of which about $900 had been created after the mortgage was given. He then had real property which netted about $1,200, and his other assets which came to the hands of the assignee amounted to but little. But the proof shows that in January, 1911, he sold a house and lot, for which he received something over $1,600; that he then owned a half interest in the Calhoun Drug Company, a corporation which had just been formed with a capital of $5,000. He sold this half interest about the last of January, and what he did with the money he received from the house and lot, and from the sale of the drug store, or that he had disposed of it when he executed the mortgage, does not appear. He testified that he was not insolvent when he gave the mortgage, and

that he did not execute the mortgage in contemplation of insolvency. Although he was insolvent on April 11 when he made the deed of assignment, he may not have been insolvent on February 22, when he executed the mortgage, and it not appearing what became of the proceeds of the house and lot, or the proceeds of the half interest in the drug store, it cannot be said that his positive testimony that he was not insolvent then, is overcome; for this $4,000 would more than pay all the debts that he now owes. The burden is on the plaintiff to make out his case. It is not presumed that the mortgage was fraudulent, and the positive testimony of Landrum that he was not insolvent at that time is not overcome by proof that he was insolvent two months later. We therefore conclude that the circuit court erred in holding the mortgage preferential.

The circuit court properly sustained the demurrer to the petition of Oost and the Planing Mill Company asserting a lien on the property as material men. Ankerman filed no pleading showing a right in him to a judgment, and the pleadings filed by the other two show they are not entitled to a judgment. Under the act of March 22, 1910, which was in force at the time, no person shall acquire a lien unless he shall notify in writing the owner of the property or his authorized agent immediately after the last item of material or labor is furnished of his intention to hold the property liable, and the amount for which he will claim a lien. The act also provides that such liens shall not take precedence of a mortgage for value without notice duly recorded, unless the person claiming the lien shall, before the recording of the mortgage, file in the clerk's office of the county court a statement showing that he has performed or furnished, or that he expects to perform labor, or furnish material, and the amount in full thereof. The mortgage to the Ichenhauser Company was recorded on February 22. Oost filed a statement in the Clerk's office on February 23, or the day after the mortgage was recorded. He had filed no statement in the clerk's office before the mortgage was recorded. The Planing Mill Company began furnishing its material in March, and furnished the last item about the first of April. It filed no statement in the clerk's office until April 13th. None of the parties gave the notice required by the statute, and none of them had filed any statement in the clerk's office, so far as appears, when the mortgage was recorded. None of these claims can

therefore be asserted to the prejudice of the mortgage. (See Acts 1910, p. 202).

The circuit court properly sustained the demurrer of the Ichenhauser Company to the pleadings setting up that the mortgage was void because that company had not complied with section 571 Ky. St. The company is a foreign corporation doing business at Evansville, Indiana, and having a debt against a resident of this State, it may collect its debt or take a mortgage to secure it. This is not doing business in this State within the meaning of section 571 Ky. St.

Judgment reversed and cause remanded for a judgment in favor of the Ichenhauser Company enforcing their mortgage, and further proceedings consistent herewith.