[S. F. No. 6381.   Department Two.—February 8, 1915.]

## GOLDBERG, BOWEN & CO. (a Corporation), Respondent, v. J. K. DIMICK, Defendant and H. H. BLOOD, Defendant and Appellant.

PLEADING—IDENTITY OF CORPORATE PLAINTIFF WITH PAYEE OF NOTES SUED ON.—A complaint by a plaintiff entitled "Goldberg, Bowen & Co. (a corporation)," to recover on promissory notes made payable to "Goldberg, Bowen & Co., Inc.," is not demurrable for want of facts, notwithstanding the absence of allegations showing the identity of the plaintiff and the payee of the notes, or of any assignment of the notes to the plaintiff.  Such names are practically identical, and the identity is aided by an averment that the notes were "made and delivered to the plaintiff."

ID.—IMMATERIAL VARIANCE—JUDGMENT AGAINST SURETY.—Such supposed variance between the name of the payee in the notes and that of the plaintiff is not sufficient to vitiate a judgment in favor of the plaintiff against a surety on the notes.

ID.—VARIANCE BETWEEN NAME OF PROMISEE AND PLAINTIFF NOT A DEFENSE.—Even if such difference in the names constituted a variation, the rule is that where the parties to a contract can be ascertained and an action is prosecuted in the name of the real party, an error in the name of the promisee as described in the promise is not a proper basis of defense.

ID.—OFFER OF NOTES IN EVIDENCE—READING NOTES INTO RECORD.—The judgment against the surety cannot be attacked on appeal on the ground that the notes were not offered in evidence, where the record shows that they were read in evidence, and the judgment recites that "oral and documentary evidence was introduced and received in behalf of the plaintiff."  A note read into the record is "offered in evidence" as effectually as if the paper upon which it is written were formally tendered and taken into the custody of the court.

ID.—SUFFICIENT EVIDENCE OF PLAINTIFF'S CORPORATE EXISTENCE.—In such action the corporate quality of the plaintiff is sufficiently established by the production of the notes sued on by the plaintiff's cashier, and his testimony that Goldberg, Bowen & Co. was a corporation "existing under the laws of the state of California," and the evidence of another witness that he saw the defendant sign the instruments in which "Goldberg, Bowen & Co." is described as incorporated by the abbreviation "Inc."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  A. I. McSorley, Judge presiding.

The facts are stated in the opinion of the court.

Jesse Olney, for Appellant.

A. J. Fritz, for Respondent.

MELVIN, J.—Defendant has appealed from a judgment for the aggregate sum of $3,394.08 with interest.

The action was based upon three promissory notes each pleaded in a separate count. Each note is fully set forth in the complaint. Each, as pleaded, is made payable to "Goldberg, Bowen & Co., Inc.," and purports to be signed by J. K. Dimick as principal and H. H. Blood as surety. Each count contains the allegation that Goldberg, Bowen & Co. was at all times mentioned therein a corporation duly organized and existing under the laws of the state of California. It is also averred in the complaint that each note was made and delivered to the plaintiff.

Defendant Blood demurred to each count for alleged want of facts and that it could not be determined therefrom if demand had been made upon J. K. Dimick. The demurrers were overruled and defendant Blood answered basing his denials upon information and belief.

When the case was called for trial neither defendant Blood nor his counsel appeared. Testimony was taken in their absence by which it appeared that Goldberg, Bowen & Company was a corporation existing under the laws of the state of California, but it did not appear when the incorporation had taken place. An employee of the corporation testified that it was still the owner and holder of each note and the witness read each note into the record where each appears in the exact words by which it is set forth in the complaint. It does not appear from the record that the plaintiff formally offered the notes themselves in evidence.

Appellant insists that "Goldberg, Bowen & Co., Inc.," specified in the notes is not the same entity as "Goldberg, Bowen & Co. (a corporation), the plaintiff, and that as the complaint contains no allegation of their identity or of any assignment of the notes to the plaintiff, his demurrer for want of facts should have been sustained. There is no merit in this contention. The abbreviation "Inc." means "incorporated," therefore "Goldberg, Bowen & Co., Inc.," is equivalent to

"Goldberg, Bowen & Co. (a corporation)." This practical identity of names is aided by the averment that the notes were "made and delivered to the plaintiff." The demurrer to the complaint was properly overruled.

It was shown that defendant Blood signed the notes in the office of the plaintiff and that the said notes had never been out of plaintiff's possession. It was not denied that Mr. Blood did sign the notes and that he had paid no part of the principal and further that only a small part of the interest had been paid, but upon the supposed variance between the name of the payee in the notes and that of plaintiff the defendant bases an argument that the record is insufficient to support the judgment. This contention is also without merit. There is, as we have seen, a practical identity of the name of the payee in the notes and the title of the plaintiff and even if there were a variation the rule is that where the parties to a contract can be ascertained and an action is prosecuted in the name of the real party, an error in the name of the promisee as described in the promise is not a proper basis of defense. (*Charitable Assoc. in Middle Granville* v. *Baldwin,* 42 Mass. 365; *Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360; *City of Lowell* v. *Morse,* 42 Mass. 475; *Commercial Bank* v. *French,* 38 Mass. 486, [32 Am. Dec. 280].) It is true that in the second and third of the above citations the misnomers were aided by averment but this fact does not detract from the principle and the rule involved.

Appellant also attacks the judgment on the ground that none of the three notes on which plaintiff relies was offered in evidence. On the contrary, each note was read in evidence and the judgment recites that "oral and documentary evidence was introduced and received in behalf of the plaintiff." There can be no sort of doubt that the court had before it the notes upon which the signature of appellant duly appeared. A note read into the record is "offered in evidence" as effectually as if the paper upon which it is written were formally tendered and taken into the custody of the court.

In his closing brief appellant for the first time asserts that the corporate quality of the plaintiff was not established. He says: "In the second paragraph of the answer filed to each of the plaintiff's alleged three causes of action . . . the defendant specifically denies that Goldberg, Bowen & Co. were a corporation at the time of the alleged execution and delivery

of each note. No proof was introduced at the trial to controvert this denial.'' At the trial Mr. Denvir, cashier for the plaintiff, testified that Goldberg, Bowen & Co. was a corporation "existing under the laws of the state of California.'' He did not state how long the corporation had existed but he produced the three notes here in suit and another witness swore that he saw Mr. Blood sign those instruments in which ''Goldberg, Bowen & Co.'' is described as incorporated by the abbreviation ''Inc.'' This is sufficient proof.

From the foregoing discussion it follows that the judgment must be and accordingly it is affirmed.

Lorigan, J., and Henshaw, J., concurred.