[Civ. No. 2919. First Appellate District, Division Two.—September 22, 1919.]

## W. W. KIMBALL COMPANY (a Corporation), Appellant, v. ALICE READ, Respondent.

[1] FOREIGN CORPORATIONS — ACTION ON ASSIGNED CONTRACT — REPEALED CODE SECTION INAPPLICABLE — UNSUPPORTED JUDGMENT.— In this action in replevin by a foreign corporation on an assigned conditional lease contract covering a piano, the purchaser having defaulted in her payments, sections 405, 406, 408, and 410 of the Civil Code were clearly inapplicable, they having been repealed before the action was instituted and before the assignment of the contract of sale to plaintiff was made; therefore, the findings of the trial court based upon the noncompliance with these repealed sections of the code do not support the judgment of dismissal.

[2] ID.—ENGAGING IN INTERSTATE BUSINESS—RIGHT TO MAINTAIN OR DEFEND ACTIONS—STATUTE INAPPLICABLE.—The statute relating to the right of foreign corporations to maintain or defend actions in

this state is inapplicable to foreign corporations engaged wholly in interstate commerce and not doing any intrastate business.

[3] ID.—FILLING OF ORDERS SENT TO OTHER STATE—INTERSTATE COMMERCE.—Sales, followed by the delivery of the articles in this state, upon orders sent from this state to the foreign corporation in another state, are transactions in interstate commerce and beyond the scope of the statute.

[4] ID.—ASSIGNMENT INCIDENTAL TO INTERSTATE COMMERCE.—Where the ordinary business of the foreign corporation was to engage in such interstate transactions, the taking of a single assignment of a conditional sale contract in part liquidation of the indebtedness owing from a local firm to it was not an intrastate transaction, but was a transaction incidental to its interstate business.

[5] ID.—SALES IN INTERSTATE COMMERCE—RIGHT OF FOREIGN CORPORATION TO ENFORCE PAYMENT.—When a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and the state cannot, consistently with the limitation arising from the commerce clause, obstruct or hamper the attainment of that purpose.

[6] ID.—BAR OF STATUTE—BURDEN OF PROOF.—The burden is on the party pleading the bar of the statute to show that the case comes within its terms.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Willard P. Smith for Appellant.

Franklin P. Bull and A. Walter Allen for Respondent.

NOURSE, J.—Plaintiff is a foreign corporation organized under the laws of the state of Illinois and having its principal place of business in Chicago. For some time prior to the institution of this proceeding it had been selling pianos

---

3. What constitutes doing business in state by foreign corporation, notes, 2 Ann. Cas. 307; 8 Ann. Cas. 942; 11 Ann. Cas. 320; Ann. Cas. 1912A, 553; Ann. Cas. 1913E, 1154.

4. Single or isolated transaction by foreign corporation as "doing business" within the state, note, 10 L. R. A. (N. S.) 693.

to a retail firm located in San Francisco. This local firm sold these and other pianos to its customers in this state upon conditional lease contracts providing for progressive payments. One such contract was made between this local firm and the respondent herein covering a piano not sold to the local firm by appellant, and this contract was assigned to appellant. Respondent defaulted in her payments on this contract and appellant commenced this action in replevin. Respondent interposed the special defense that appellant was without capacity to sue because it "has not complied with the laws of the state of California, in regard to foreign corporations doing business in this state." This issue was tried on the theory that the rights of plaintiff to maintain the action depended upon a compliance with the provisions of sections 405, 406, 408, and 410 of the Civil Code. The trial court found that plaintiff had not complied with these sections of the code, and accordingly dismissed the action.

All the briefs on this appeal are concerned with the interpretation and constitutionality of these sections of the code. [1] These sections are clearly inapplicable to this case because they were all repealed before this action was instituted and before the assignment of the contract of sale was made. (Stats. 1917, p. 381.) Accordingly, the findings of the trial court based upon the noncompliance with these repealed sections of the code do not support the judgment of dismissal.

The existing statute, which was enacted before the assignment of the contract, provides that a foreign corporation which has failed to file a copy of its articles, designation of agent, etc., cannot maintain or defend "any action or proceeding concerning its property in this state or any intrastate business or transaction, in any court of this state."

This was the law of the state which respondent unknowingly alleged appellant had not complied with. Though the statute was thus put in issue, it was not called to the attention of the trial court and has not been referred to on this appeal. Without the aid of argument by counsel, no attempt will be made in this opinion to interpret the existing statute or to determine its constitutionality. However, certain rulings were made during the trial on the question of the right of the state to close its courts to foreign corporations, and as these questions will necessarily arise again at the retrial

of the action, it may be of some assistance to the parties to make the following general observations on this proposition:

[2] If appellant was engaged wholly in interstate commerce and was not doing any intrastate business, the statute is inapplicable because, in view of the commerce clause of the federal constitution, the state cannot put any burden upon persons or corporations engaged wholly in interstate commerce. [3] Manifestly, the sales, followed by the delivery of the pianos in this state, upon orders sent from this state to the appellant in the state of Illinois, are transactions in interstate commerce and beyond the scope of the statute. (*Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, [59 L. Ed. 193, 35 Sup. Ct. Rep. 57] ; *International Text-book Co.* v. *Pigg*, 217 U. S. 91, [18 Ann. Cas. 1103, 27 L. R. A. (N. S.) 493, 54 L. Ed. 678, 30 Sup. Ct. Rep. 481, see, also, Rose's U. S. Notes] ; *Buck Stove & Range Co.* v. *Vickers*, 226 U. S. 205, [57 L. Ed. 189, 33 Sup. Ct. Rep. 41] ; *American Amusement Co.* v. *East Lake Chutes Co.*, 174 Ala. 526, [56 South. 961].)

[4] It appears without conflict from the evidence that such was the ordinary business of the appellant corporation. Therefore, the assignment of respondent's sale contract to appellant was outside the ordinary business of appellant and, as the trial court correctly ruled, did not constitute doing business in this state. (*General Conference Free Baptists* v. *Berkey*, 156 Cal. 466, 470, [105 Pac. 411] ; *Ichenhauser Co.* v. *Landrum's Assignee*, 153 Ky. 316, [155 S. W. 738, 740] ; *A. Booth & Co.* v. *Weigand*, 30 Utah, 135, [10 L. R. A. (N. S.) 693, 83 Pac. 734, 737].) In other words, the taking of the single assignment was not an intrastate transaction, but was a transaction incidental to the interstate business of the corporation.

[5] The right of a foreign corporation to sue to collect the purchase price of merchandise sold in interstate commerce is succinctly stated by the United States supreme court in *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, 204, [59 L. Ed 193, 35 Sup. Ct. Rep. 57, see, also, Rose's U. S. Notes] : "We think that when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that the

state cannot, consistently with the limitation arising from the commerce clause, obstruct or hamper the attainment of that purpose.''

Here the assignment of the sale contract was taken in part liquidation of the indebtedness owing from the local firm to appellant arising from interstate commercial transactions. As appellant could sue the assignor for the collection of the original debt, so it may sue the respondent in this action upon the assigned contract, unless it is shown to have been also engaged in intrastate business.

[6] The burden is on the party pleading the bar of the statute to show that the case comes within its terms. For the want of such showing the judgment must be reversed.

Brittain, J., and Langdon, P. J., concurred.