[Civ. No. 21. Fourth Appellate District.—December 21, 1929.]

INDIAN REFINING COMPANY, INC., Respondent, v. ROYAL OIL COMPANY, INC., et al., Appellants.

David W. Richards for Appellants.

N. C. Peters for Respondent.

BARNARD, J.—This is an appeal by defendants from a judgment in favor of the plaintiff in an action for the purchase price of certain merchandise sold by the plaintiff to the defendant Royal Oil Company, Inc., the payment for which was guaranteed in writing by the other defendants. The complaint was filed May 18, 1926. The sole ground of this appeal is the contention that the plaintiff is a foreign corporation; that it was illegally doing business in California at the time this action was begun, and for that reason it is unable to maintain the action. Appellants attack the following findings of fact made by the trial court as unsupported by the evidence:

"I.  The plaintiff Indian Refining Company is a Maine corporation and is also referred to as Indian Refining Co., Inc., and many of its records are kept under the name of 'Indian Refining Company, Inc.'

"II.  That during the year 1925 when said goods were sold and the contracts made and the obligation incurred above mentioned said plaintiff was duly authorized to do intrastate business in the State of California, and had complied with all of the laws of the State of California, pertaining to the right of a foreign corporation to do business within this state, and had duly filed in the office of the Secretary of State a certified copy of its articles of incorporation as required by law.

"III.  That in the year 1926 plaintiff withdrew from the right to do intrastate business in the State of California, and since said withdrawal did not do any intrastate business in said State of California, and that said plaintiff since the year 1925 has not maintained an office in the State of California for the purpose of transacting or doing intrastate business nor entering this state for such purpose."

Appellants first contend that there is no evidence that respondent had ever filed its articles of incorporation in California, it being their contention that there is no proof that Indian Refining Company, Inc., is the same corporation as Indian Refining Company. Frank C. Jordan, Secretary of State, testified that the only record in his office of any foreign corporation by any such name is that of a Maine corporation, which was incorporated on November 4, 1904, under the name of Indian Asphalt Company, and that its name was changed to Indian Refining Company on or about May 1, 1906; that on January 24, 1914, this corporation filed in his office a certified copy of its certificate of organization and various amendments, with a designation of a certain resident of San Francisco, California, as its resident representative in California, for the purpose of service. He further testified:

" . . . However, there is no foreign corporation filed in this office by the name of Indian Refining Company, Inc. The nearest approach to that name is as above stated. The Indian Refining Company which I just referred to filed a certificate surrendering its right to do intrastate business on January 5th, 1926."

While this action was brought in the name of "Indian Refining Company, Inc." as plaintiff, it has been held that the abbreviation "inc." means "incorporated." and is equivalent to "(a corporation)." (*Goldberg, Bowen & Co.* v. *Dimick,* 169 Cal. 187 [146 Pac. 672].) On the same reasoning, the words "Indian Refining Co., Inc., as used in the complaint herein, are equivalent to "Indian Refining Company, (a corporation)." The word "Inc." as used in the complaint is fully shown by the evidence in the record to be merely descriptive and not a part of the name of the corporation. Section 357 of the Civil Code reads as follows: "The misnomer of a corporation in any written instrument does not invalidate the instrument, if it can be reasonably ascertained from it what corporation is intended." One witness testified that he was assistant to the controller of the Indian Refining Company, and that "The correct name of plaintiff in this case is Indian Refining Co., but has heretofore often been referred to and many of its records are kept under the name of 'Indian Refining Co., Inc.' The two names refer to the plaintiff, a

Maine corporation.'' There was ample evidence to sustain the first finding complained of.

The objection raised to the second finding is based upon the variation in names, just referred to. The evidence shows the action is based upon merchandise sold in the year 1925. No failure to comply with the law of the state of California prior to 1926 being claimed, nor any evidence thereof being pointed out, other than that assumed to arise from this difference in names, the evidence is sufficient to sustain the second finding of the court.

Appellants next contend that even though plaintiff had complied with the law relative to a foreign corporation doing business in this state, including the filing of its articles of incorporation with the Secretary of State, and the designation of an agent, and had thereafter on January 5, 1926, filed with the Secretary of State a certificate surrendering its right to do intrastate business in the state of California, it still cannot maintain this action for the reason that after filing said certificate of withdrawal it has continued to do business in the state of California, and that the third finding of fact above set forth is not supported by the evidence. The transaction out of which this action arose occurred in August, 1925, at a time when, under the evidence introduced, the plaintiff was lawfully doing business in California. If we assume that a foreign corporation may not, after filing a certificate of withdrawal from intrastate business in California, maintain an action here on account of business done prior to the withdrawal, if it has in fact continued to do business in this state after the purported withdrawal (see *San Francisco Breweries, Ltd.,* v. *Superior Court,* 80 Cal. App. 433 [251 Pac. 935]), there remains the question as to whether this plaintiff corporation so continued to carry on intrastate business, after notice of withdrawal.

Appellants first insist that the bringing of this action, in itself, constituted doing business in this state, within the meaning of the statutes governing this case. (Stats. 1923, p. 1037.) We think that this contention cannot be upheld. (*General Conference of Free Baptists* v. *Berkey,* 156 Cal. 466 [105 Pac. 411].) Where a foreign corporation has complied with the provisions of law enabling it to do business in this state, and has subsequently withdrawn from

such intrastate business, and filed the certificate thereof in the proper manner, there is nothing in our law to prevent it from subsequently maintaining an action to collect an account that arose while it was lawfully doing business in this state, and the filing of such an action does not constitute doing business within the meaning of the statute.

It is further argued that the evidence itself shows that the plaintiff did, in fact, continue to do business in California after the filing of the certificate of withdrawal referred to. Appellants rely upon the following testimony of one H. A. Meek: "Q. You say you are the Pacific Coast representative of the Indian Refining Company? A. Yes, sir. Q. Where is your principal place of business? A. Lawrenceville, Illinois. Q. That is where this correspondence has been? A. Our credit department. Q. Your credit department is located back there? A. Yes. Q. And what you have charge of out here is just a branch? A. Yes, the whole Pacific Coast. Q. The oil that is now being handled by Mr. Roberts and by you is being handled as distributors and jobbers to the customers? A. Not exactly. Mr. Roberts is simply my customer. I am still in the employ of the Indian Refining Company, and I sell to various people up and down the coast, of which Mr. Roberts is one of my customers. He is the distributor for Havoline oil in San Francisco, San Mateo county, and the north coast territory." The record also shows the following testimony: "Q. Mr. Meek, at this time or since this suit was brought, plaintiff was not distributing oil from California. All oils are shipped from Lawrenceville, Illinois, are they not? A. Yes, sir. Q. Since 1926 what time was it? A. The change in marketing policy was inaugurated in our company during the summer of 1925 to become effective all over the United States exclusive of the five states surrounding our refinery, just as rapidly as our property could be disposed of. That was in the summer of 1925. Our Los Angeles Branch property was sold in October, 1925, and our San Francisco plant in December, 1925, and starting with January, 1926, we had no stock of any kind or description on the Pacific Coast. Q. That is the company. A. The Company. Q. You were handling through jobbers? A. We handle nothing now but carload lots shipped direct to our distributors who have exclusive territory franchises."

Appellants cite *Estate of Wellings*, 192 Cal. 506 [221 Pac. 628], as to what constitutes "doing business" within the meaning of the statute. In that case, a trust company organized in Michigan, one of its main purposes being to act as executor and trustee under appointment made in last wills, sought to be appointed, and to act, as such under a will being probated in this state. It was, of course, held that this was doing business in this state, within the meaning of the statute. It has, however, been held in other states that doing business in the manner indicated by the evidence here, is not doing business within the meaning of statutes similar to the statute here in question. (See *Pembleton* v. *Illinois Commercial Men's Assn.*, 289 Ill. 99 [124 N. E. 355]; *Dinuba Farmers Union Packing Co.* v. *J. M. Anderson G. Co.*, 193 Mo. 236 [182 S. W. 1036]; *Badische Lederwerke* v. *Capitelli*, 92 Misc. Rep. 260 [155 N. Y. Supp. 651]; *McDowell* v. *Starabin Electrical Supply Co., Inc.*, 104 Misc. Rep. 596 [172 N. Y. Supp. 221]; *M. E. Smith & Co.* v. *Dickenson*, 81 Wash. 465 [142 Pac. 1133].) In the case of *W. W. Kimball Co.* v. *Read*, 43 Cal. App. 342 [185 Pac. 192, 193], the court said:

"If appellant was engaged wholly in interstate commerce and was not doing any intrastate business, the statute is inapplicable because, in view of the commerce clause of the federal Constitution, the state cannot put any burden upon persons or corporations engaged wholly in intertsate commerce. Manifestly, the sales, followed by the delivery of the pianos in this state, upon orders sent from this state to the appellant in the state of Illinois, are transactions in interstate commerce and beyond the scope of the statute. (Citing cases.)

"The right of a foreign corporation to sue to collect the purchase price of merchandise sold in interstate commerce is succinctly stated by the United States Supreme Court in *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, 204 [59 L. Ed. 193, 35 Sup. Ct. Rep. 57, see, also, Rose's U. S. Notes]: 'We think that when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that the state cannot, consistently with the limitation arising

from the commerce clause, obstruct or hamper the attainment of that purpose.' "

The burden is on the defendant to show that the plaintiff, in attempting to maintain this action, is within the bar of the statute. (*W. W. Kimball Co.* v. *Read, supra.*) There being evidence that plaintiff was not distributing oil in California, that beginning with January, 1926, it had no stock of any kind on the coast, that it shipped only in carload lots, from Illinois, to customers here, to whom the goods were sold, we think the finding complained of is sustained by the record. The inference could fairly be drawn, from the evidence, that since the filing of the certificate of withdrawal from intrastate business, the plaintiff has been engaged wholly in interstate business.

For the reasons given the judgment is affirmed.

Sloane, P. J., and Marks, J., concurred.