CLARK, Retired Circuit Judge.
There is no merit in appellant’s contention that the corpus delicti of the crime of grand larceny, for which he was tried and convicted, was not proved. A security manager, working at the time as a store detective, observed defendant in the men’s department of a store looking at shirts. He further testified:
“Q. What, if anything, did you observe then?
“A. Approximately two, or three, minutes later, I observed the same individual from the Men’s Department to the Ladies Department with shirts in his hands.

*1016

“Q. And what, if anything, did you see this individual, that we are talking about, do?
“A. Well, as I say, he was in the Ladies Department which is located at the front entrance of the store. He had the four shirts in his hand, and he had them wrapped around his hand, and he exited the store with them.
“Q. Did he stop to pay for them?
“A: No, he did not.
“Q. Did he ask anybody about paying for them?
“A. No, he did not.
“Q. Did he stop and talk to anyone?
“A. No, sir.
“Q. Do you see this particular individual in court?
“A. I do.
“Q. Would you point him out, please?
“A. He is the defendant (indicating).
“MR. GILLIS: Let the record show that the witness indicates the defendant, Ernest Lee Sanders.
“Q. What, if anything, did you do when this occurred?
“A. At this time, I walked out behind the individual. I identified myself as to who I am, and asked him why was the merchandise not placed in a bag. Before I could even complete my statement, this individual—

“Q. Would you describe this conversation, please?
“A. Okay. When I approached the individual, I identified myself to the individual.
“At this time, he told me that — he asked me if I would let him go, due to the fact that he is already — had been in previous trouble.”
There was no evidence presented by defendant. He himself did not take the stand. The evidence showed the value of the shirts to have been above the dividing line between petit and grand larceny.
Appellant further insists that there was a variance between the indictment and the evidence as to the owner of the shirts.
The indictment alleges that the shirts were “the personal property of Southeast Zayre, Inc., a corporation.” Unfortunately, there is ground for some confusion by reason of imprecision or lack of clarity in pronouncing the name of the owner of the property, which could have been avoided, so as to provide an orthographic type of the name found in the transcript of the evidence. For instance, the word “Southeast” as alleged in the name of the owner in the indictment was at times during the trial recorded as “Southeastern.” Even in calling the court’s attention to the claimed variance at the conclusion of the testimony, the transcript of the evidence quotes defendant’s attorney as stating:
“ . . . and that the evidence has shown that the owner of the property was Zayre Corporation.
“The indictment alleges that it was the Southeastern Zayre Corporation. This is a fatal defect, (emphasis supplied).”
Furthermore, variations of Zayre are shown in the transcript at times, which, when reproduced phonetically could mean either the plural of Zayre [1] or the possessive case thereof. The court reporter could not have known which in the absence of information from the person using the word. Also, it is to be noted that when the witness for the State was asked the name that was on a picture offered by defendant of the particular store where the alleged larceny occurred, the witness answered, “Zayres.” On the other hand, the picture discloses that the name is “ZAYRE.”
Notwithstanding the tendency to confusion, which should not have occurred, as to the name of the owner of the store involved, and the merchandise therein, the witness at one point testified as follows:
*1017 “Q. What about Southeast Zayre? Where is it incorporated?
“A. I’m not sure.
“Q. Is there such a corporation as Southeast Zayre? ■
“A. To my knowledge, there is.
“Q. To your knowledge, is it — are you sure that it is not just a store that is Southeast, Southeast Zayre Store?
“A. Pardon?
“Q. Is there a Southeast Zayre Store?
“A. Not to my knowledge, there is not.”
The quoted part of the testimony refutes the gist of appellant’s contention:
“Appellant contends that Zayre is the trade name and is the name that the store holds itself out to be. This clearly shows the ‘Trade Name’ of the store and is proof of the error in the allegata and the probata.”
The quoted testimony also distinguishes the instant case from Gaskin v. State, 42 Ala.App. 310, 163 So.2d 220 (1964), in which it was held that there was a fatal variance between an indictment charging that the property belonged to “Gulf Mills, Inc., a corporation” and evidence showing that the store from which the goods were stolen “held itself out by the trade name of ‘Gulf Mills Department (or Discount Department) Store.’ ”
There is no substantial evidence to indicate that two separate legal entities (one stated in the indictment and another disclosed by the evidence) were involved. It is clear that the confusion was merely as to the precise name of the entity that owned the property, that Southeastern was either misunderstood for Southeast or was used synonymously therewith, which it truly is, and that there is substantial evidence that the property was owned by Southeast Zayre, a corporation, the identical name of the owner as alleged in the indictment, except that the abbreviation “Inc.” is included in the name stated in the indictment. This difference does not constitute a variance. As stated in Irvin v. State, 44 Ala.App. 101, 203 So.2d 283, 288 (1967):
“ ‘Inc.’ connotes a corporation. Thus, in Indian Refining Co. v. Royal Oil Co., 102 Cal.App. 710, 283 P. 856, we find:
“ ‘ * * * It has been held that the abbreviation “Inc.,” means “incorporated,” and is equivalent to “(a corporation)” Goldberg, Bowen & Co. v. Dimick, 169 Cal. 187, 146 P. 672. On the same reasoning, the words “Indian Refining Co., Inc.,” as used in the complaint herein, are equivalent to “Indian Refining Company (a corporation)” * * * >
“See also Brandtjen & Kluge v. Biggs, 205 Or. 473, 288 P.2d 1025, 51 A.L.R.2d 1435.”
We find no error in the record. The’ judgment of the trial court should be affirmed.'
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.

. See also Suttle v. State, Ala.Cr.App., 377 So.2d 1121, cert. den. 377 So.2d 1122, wherein the allegation in the indictment as to ownership is identical with such allegation herein. Notwithstanding some difference between the two cases in the evidence as to the name or identity of the owner, it is to be noticed that the same result is reached in this case as in that case.