LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty under an indictment charging him with burglary of “a shop, store or warehouse, the property of Cathart Jewelers, Inc., a corporation, in which goods, wares, merchandise or other things of value were kept for use, sale or deposit.” The court fixed his punishment at imprisonment for three years and sentenced him accordingly.
According to the undisputed evidence, about 1:30 A.M. June 27, 1979, defendant was arrested by officers responding to a burglary alarm while defendant was on the roof of Cathart Jewelers, Inc., a corporation, soon after he had cut a hole in the tin roof. Officers testified that an entry had been made through the roof, by aid of a rope, to the floor of the ceiling and that a hole had been made in the ceiling by the removal of or damage to a panel thereof.
Officer Bernard Shug of the Enterprise Police Department was the first officer to arrive at the scene in response to the police dispatch by radio. According to his testimony, he stopped his automobile in front of the store of Cathart Jewelers, looked in the store, which was in a one-story building, and saw through the plate glass front thereof “display cases” and “a black male inside.” He said the man was hiding behind an upright display case, but from where the witness was he “could see his face and a portion of his right shoulder.” He called for a “backup” and promptly *1117 thereafter other officers arrived. After searching the premises, observing that the store was locked, the officers procured a ladder and went to the roof. The defendant was found on the roof, either of the particular store or of one of the adjoining stores or shops forming the complex of stores or shops with roofs on the same level in the particular locality. A warning shot of a pistol was fired by one of the officers, and thereupon defendant started lying down on the roof. He was taken into custody, and, upon observing that there were cut places on his arm and that he was bleeding, the officers had him transported to Coffee General Hospital where he was treated. Officer Shug further testified that the man he saw on the inside of the store hiding was the same man, the defendant, who was taken into custody on the roof of the building.
Defendant testified that he was assisting two white men who, against defendant’s will, had threatened to kill him unless he aided them in their expressed and manifest purpose of burglarizing the store. He said that both of them were with him at the time he cut the hole in the roof. He was unable to identify them. He had never known them before, he did not know their names and he could give the officers no information whereby they could be located or apprehended.
Our brief summary of the evidence should be sufficient for a correct determination of the contention of appellant that there was not- substantial evidence of defendant’s guilt. The conflict between defendant’s testimony and the testimony of Officer Shug is of itself sufficient to present a jury issue as to whether defendant had effectuated a breaking and entry into the store. As to the requisite of felonious intent, appellant relies upon testimony of the defendant to the effect that he was acting under duress.
The testimony of the defendant is not to be capriciously disregarded, but a jury is not required to accept it even though it is undisputed, if the jury, upon a consideration of all the evidence, can reasonably conclude that the defendant’s testimony is untrue. Kemp v. State, 278 Ala. 637, 179 So.2d 762 (1965); Wall v. State, 49 Ala.App. 285, 270 So.2d 831 (1972); Cook v. State, 46 Ala.App. 663, 248 So.2d 158 (1971); Flint v. State, Ala.Cr.App., 370 So.2d 332 (1979). The interest of the defendant is to be considered in determining the weight to be given to his testimony. Pitts v. State, 140 Ala. 70, 37 So. 101 (1904); Hogue v. State, 54 Ala.App. 682, 312 So.2d 86 (1975); Kontos v. State, Ala.Cr.App., 363 So.2d 1025 (1978).
The only other assertions of error relate to the rulings of the trial court adverse to defendant’s plea of former jeopardy. As no question is here raised as to the adequacy of the presentation to the trial court of the question whether defendant’s plea of former jeopardy could be sustained, we now consider whether the trial court was in error in concluding that it was not sustainable.
The transcript shows that on October 30, 1979, about five months before the trial in the instant case commenced, the court entered an order of dismissal or nolle prose-qui, on motion of the State, in Case No. 79-49 of State of Alabama v. Roy Andrews (this appellant), then pending in the same trial court as the trial court in the instant case; that thereafter the indictment in the instant case was returned. Although the transcript in the instant case does not contain a copy of the record in the previous case and does not show with precision the language of the indictment in the previous case, it is reasonably clear that the only difference between the indictments in the two cases is that in the previous case the name of the alleged entity owning or occupying the property allegedly burglarized was stated, “Cathart Jewelers, a corporation,” while, as shown above, in the indictment in the case now under review, it was stated, “Cathart Jewelers, Inc., a corporation.”
The transcript further shows that in the previous case, immediately after a jury had been selected to try the case, it was given a recess for lunch, and thereupon there was a hearing out of the presence of the jury, which commenced as follows:
*1118 “MR. FOLMAR: Your Honor, the State would request at this time a consent to amend the indictment to state the correct name of the victim.
“THE COURT: Let the record show we are out of the presence and hearing of the jury and there has been nothing done here except to strike a jury and that we are out of their presence and hearing. “MR. MARSH: [defendant’s attorney at the time]: We would object to any amendment of this indictment... .

According to the transcript, there were then several pages of colloquy among the court and counsel for the respective parties, in which defendant’s attorney firmly refused to consent to an amendment of the indictment as requested by counsel for the State, saying that defendant was ready to try the case against him. When the consent was not obtained, counsel for the State moved for a dismissal, and defendant strongly objected to the dismissal, saying that defendant was ready to try the case against him, that a dismissal and a renewal of the prosecution by a new indictment would constitute the denial of defendant’s right to a “speedy trial” and would subject defendant to double jeopardy. .
It appears from the transcript that in granting the State’s motion to dismiss the prosecution in the former case, the court was relying upon Code of Alabama 1975, § 15-8-91, that provides for a dismissal of an indictment when defendant will not consent to an amendment of the indictment when there is “a variance between the allegations of the indictment and the proof” and that a new indictment can then be “ordered to be preferred.” Appellee contends that the action of the court was authorized by § 15-8-91. To this, appellant responds that no evidence was even taken in the case, and for that reason there was no variance between the indictment and the evidence. Appellant is correct as to the express language of the Code Section. Whether the Code Section applies impliedly or by analogy in a case in which no evidence is presented does not seem to be an issue on this appeal, and we do not attempt to decide the same. We note, however, that notwithstanding the fact that neither party seems to raise the point, there probably, if not certainly, was no necessity for the indictment to be amended as desired by the State so as to state the name of the owner or occupier of the store burglarized as the same as it is stated in the second indictment. The evidence in the case sub judice shows that the name of the owner or occupant is precisely as stated in the indictment; it is different from the name stated in the first indictment in that the first indictment did not include in the name the term “Inc.” That situations might arise at times, by reason of other legal entities with similar but distinguishing names, in which a material variance between the indictment and proof is found, it is our opinion that no material variance was involved, either actually or prospectively, in the first prosecution. It was not a situation like that involved in Irvin v. State, 44 Ala.App. 101, 203 So.2d 283, 288 (1967), in which a material variance was found between the charge that defendant “defrauded John C. Hodges DBA A & P Tea Co.” and evidence that the legal entity actually defrauded was “The Great A & P Tea Company, Inc.” That no material variance was involved in the first prosecution of the appellant herein is indicated by the following in Irvin, supra:
“In Clonts v. State, 42 Ala.App. 287, 161 So.2d 155, we said, per Johnson, J.: ‘ * * * Evidence taken at the trial of this cause proves that the ownership of the goods was vested in a corporation. When the indictment alleges the property to be owned by one party and the evidence proves the owner to be another party, there is a fatal variance between the allegations and proof.’
“ ‘Inc.’ connotes a corporation. Thus, in Indian Refining Co. v. Royal Oak Co., 102 Cal.App. 710, 283 P. 856, we find:
“ ‘ * * * it has been held that the abbreviation “Inc.,” means “incorporated” and is equivalent to “(a corporation.)” Goldberg, Bowen & Co. v. Dimick, 169 Cal. 187, 146 P. 672. On the same reasoning, the words “Indian Refining *1119 Co., Inc.,” as used in the complaint herein, are equivalent to “Indian Refining Company (a corporation.)” * * * ’ ”
Notwithstanding our view just expressed, we do not agree with appellant that his plea of former jeopardy should have been sustained, for the reason that defendant was never placed in jeopardy in the first case. The jury had not been sworn; no evidence had been taken. Jeopardy begins when the jury has been empan-elled and sworn, and the indictment has been read or stated to the jury and the defendant has pleaded to the indictment. Murray v. State, 210 Ala. 603, 98 So. 871 (1924); Spencer v. State, 48 Ala.App. 646, 266 So.2d 902 (1972); Garsed v. State, 50 Ala.App. 312, 278 So.2d 761 (1973); Simpson v. State, Ala.Cr.App., 354 So.2d 317, cert. denied, Ex parte Simpson, Ala., 354 So.2d 324 (1977).
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by' Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.