[Civ. No. 4024. Third Appellate District.—March 28, 1930.]

MARY DAVIES et al., Appellants, v. MT. GAINES MINING & MILLING COMPANY (a Corporation) et al., Defendants; GLENN C. WILLIAMS et al., Respondents.

W. W. Kaye for Appellants.

Louis T. Milburn and H. K. Landram for Respondents.

PLUMMER, J.—This action was instituted by the plaintiffs for the purpose of securing a judgment annulling, setting aside and adjudging void a certain deed executed by the plaintiffs to the Mt. Gaines Mining & Milling Company.

The record shows that the Mt. Gaines Mining & Milling Company is a corporation organized under the laws of the

state of Nevada. On the twenty-first day of April, 1924, the plaintiffs, for a valuable consideration, made, executed and delivered to the defendant Mining · Company a deed of conveyance to certain mining property situate in the state of California. The complaint is based upon the theory that the acquiring of this property by the defendant, Mt. Gaines Mining & Milling Company, constituted doing business within the state of California, and the grounds upon which plaintiffs allege they are entitled to the relief prayed for is that prior to the purchase of the real estate referred to the Mt. Gaines Mining & Milling Company had not filed any certified copies of its articles of incorporation, or otherwise complied with the act of the legislature of 1915 (Stats. 1915, p. 422), as amended in 1923 (Stats. 1923, p. 1034); relative to foreign corporations transacting business within this state. The cause is before us simply upon the judgment-roll, and therefore all the findings of the court must be taken as supported by the testimony.

The court found that on and prior to the first day of April, 1924, the Mt. Gaines Mining & Milling Company had not begun doing intrastate business in the state of California; that on and prior to said date said company had not maintained any office in the state of California for the purpose of transacting business in the state of California; that the conveyance from the plaintiffs to the Mining Company of the real property involved in the action was made for a good and sufficient consideration. The conclusions of law naturally followed, and were drawn by the court that the deed referred to was valid, and that the plaintiffs were not entitled to any relief in said action. The complaint and the findings referred to a mortgage executed by the Mining Company on the property purchased by it, which mortgage was executed to a third party, but as it does not affect the validity of the deed executed by the plaintiffs to the Mining Company, need not be further mentioned herein.

In support of the appeal in this cause the appellants cite a number of Wisconsin cases, based upon a section of the Foreign Corporations Act of that state, which reads as follows: "No foreign corporation shall transact business or acquire or hold or dispose of property in this state unless it shall have first complied with the requirements of the

statute,'' etc. (Wis. Stats. 1927, sec. 22602.) To this, the respondent interposes the unanswerable argument that the Corporation License Act of the state of California does not, and has not, since 1921 (Stats. 1921, p. 638), required the filing of certified copies of its articles of incorporation, or other papers, prior to the acquiring or conveying of real estate in California. While the Foreign Corporations License Act does provide certain penalties in the event that a foreign corporation begins to do business in this state without having complied with the provisions of the act, we find nothing therein, which would support the action instituted by the plaintiffs. The trial court having found that the defendant corporation was not doing business within the state, that it had simply purchased a piece of mining ground, consideration of authorities of other states where the statutes are different in this particular would simply be a waste of time. We need only to cite one California case, that of *General Conference of Free Baptists* v. *Berkey,* 156 Cal. 466 [105 Pac. 411], which holds that the simple purchase of real property is not doing business. Thus, in this case, if the Mining Company intended to carry on mining operations, it would be doing business when it began such work, but as the findings show it simply bought a piece of real estate, the case we have cited is conclusive.

The appeal is absolutely without merit, and the judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.