[Civ. No. 8275. Second Appellate District, Division Two.—June 12, 1934.]

W. W. TUCKER, Respondent, v. CAVE SPRINGS MINING CORPORATION (a Corporation), Appellant.

Porter C. Blackburn for Appellant.

Gerard Remington for Respondent.

SCOTT, J., *pro tem.*—Defendant, a Nevada corporation, was sued by plaintiff, its president, on a complaint which set out his claim, differently stated in various counts as being based on a promissory note, *quantum meruit,* an open book account and an account stated. Plaintiff recovered judgment for the principal sum as claimed in these counts plus interest, and failed to recover on certain other demands.

Defendant's contention on appeal is substantially as follows: As a foreign corporation which had its principal place of business in Los Angeles and was doing intrastate business in California, it should have complied with the law of this state relative to such foreign corporations; that it had not done so because its president, the plaintiff, had been negligent in that regard; that because of such noncompliance with the California law defendant suffered certain legal disabilities which would preclude it from enforcing its contracts or defending against adverse litigation; that since the plaintiff caused this legal disability of defendant corporation he could not and should not be permitted to recover and enforce a judgment against it even though he took no advantage of the corporation's legal infirmity. In the trial court defendant urged that plaintiff by reason of these same matters was estopped to assert his claim against it, but the trial court found to the contrary.

Before considering other legal aspects of this contention it must be observed that notwithstanding any legal infirmity it may have been suffering, defendant had its day in court, presented its defense to plaintiff's claims and was successful in defeating two of them; that it had placed before the trial court a cross-complaint seeking affirmative relief, which cross-complaint was at issue and ready for trial when cross-complainant voluntarily abandoned it after the issues of the complaint had been fully tried; that neither plaintiff nor the trial court treated defendant as other than a fully competent corporation, and its rights were adjudicated upon

that basis, and that there was no claim that plaintiff by fraud or coercion kept the other directors of the corporation from doing the acts necessary to qualify it to do business in this state.

Many of the transactions between plaintiff and defendant occurred during the year 1927 and continued thereafter until they culminated in February of 1930 in the execution of the promissory note sued on herein. Prior to the 1927 session of the legislature certain provisions of Act 1743, Deering's General Laws of 1923, purported to impose taxes and otherwise regulate foreign corporations doing business in California. After the declaration by the Supreme Court of this state that these provisions violated the Constitution of the United States (*Perkins Mfg. Co.* v. *Jordan,* 200 Cal. 667 [254 Pac. 551]), the legislature repealed them and re-enacted parts of them as sections 405, 406, 408 and 409 of the Civil Code. (Stats. 1927, chap. 222, p. 396.) The law as thus amended required such a foreign corporation doing an intrastate business here to file with the Secretary of State a certified copy of its articles of incorporation and do certain acts, and provided that if such a corporation failed to do the acts required, ''every contract made by or on behalf of any such foreign corporation . . . shall be held *void on its behalf* and on behalf of its assigns, but shall be *enforceable against* it or them''. (Civ. Code, sec. 409. Italics ours.) Appellant cites *Perkins Mfg. Co.* v. *Clinton Construction Co.,* 211 Cal. 228 [295 Pac. 1, 75 A. L. R. 439], as authority for its contention that transactions between plaintiff and defendant prior to the effective date of the next amendment to that portion of the law in 1929 were void as to *both* parties and therefore unenforceable. The court in that case quotes with approval from the case of *Ashland Lumber Co.* v. *Detroit Salt Co.,* 114 Wis. 66 [89 N. W. 904, 908], the following language: ''We must hold that the words 'shall be wholly void on its behalf and on behalf of its assigns but shall be enforceable against it and them' mean just what they say; and if they (the statutes) are valid they render the contract in question absolutely void and a nullity in so far as it is sought to be enforced on behalf of the defendants.'' A careful reading of the court's language makes it clear that the legal disability did not extend to the other party to a contract with such a non-

qualified foreign corporation, but was only intended to apply to the corporation. There is nothing in the statute or the opinion of the court in construing it that supports appellant's contention that plaintiff could not enforce his claim against it.

While business transactions between plaintiff and defendant continued, the legislature met again in 1929 and amended Civil Code, sections 408 and 409. The amendments eliminated the provisions making the contracts of a non-complying corporation void on its behalf and provided that if the corporation was not qualified at the time a transaction took place it could not sue or defend against a suit on it until it had so complied and paid a penalty. It also made it a misdemeanor for such nonqualified corporation or a person on its behalf to transact intrastate business in this state. Appellant contends that respondent was guilty of a misdemeanor when he transacted business for the corporation and therefore should be denied judgment. Although this question is raised in this case for the first time on appeal, a consideration of the penal provisions of this section of the law makes it obvious that no such intention was in the mind of the legislature. A nonqualified corporation subject to a misdemeanor prosecution and on conviction to a heavy fine for doing business without complying with the law, is permitted to qualify, be restored to full legal competency and have its prior transactions given full effect. It would be an unreasonable construction of the law to hold that an individual such as plaintiff herein should suffer greater disability than the corporation itself merely because of the penal aspects of that law. It must be borne in mind that the entire statute thus regulating corporations and individuals is but an expression and exercise of the police power of the state (*Perkins Mfg. Co.* v. *Clinton Construction Co., supra*), and must therefore be construed as a whole.

Appellant next contends that respondent entered into an agreement with certain other officers of the corporation in September of 1927, which would preclude him from recovering in this action. This issue, however, was presented to the trial court, and its finding in favor of plaintiff on conflicting evidence will not be disturbed on appeal.

A further proposition is urged by appellant for the first time on appeal, to the effect that respondent should have sued the officers and stockholders of the corporation as

partners and should have asked for an accounting. Being without merit it requires no discussion.

■ As a final point appellant urges that the findings "constitute a negative pregnant and are self destructive". The findings of the trial court as signed and filed bear the caption, "*Proposed Substituted* Findings of Fact and Conclusions of Law". Noting this in the clerk's transcript as transmitted to this court, the original file of the trial court was ordered produced for our inspection. It is apparent that the trial judge adopted as correct and signed the findings as *prepared and proposed by defendant,* which, as appellant, is now urging a reversal of the judgment because they are defective. The material issues raised by the pleadings are sufficiently covered by the court's findings, and appellant cannot complain at this time of defects for which it was responsible.

■ Appellant has filed a supplemental opening brief declaring that it is not merely legally *disabled* but since March, 1927, has been and now is a legally *dissolved* corporation. The cases cited and a reasonable interpretation of the law gives no support to this argument, which appellant also now advances for the first time.

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 9, 1934.