[Civ. No. 6886. Third Dist. Mar. 21, 1944.]

O'CONNELL GOLD MINES, LTD. (a Corporation), Respondent, v. H. GEORGE BAKER et al., Appellants.

J. Everett Barr for Appellant.

Tebbe & Correia for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment quieting title in the plaintiff, O'Connell Gold Mines, Ltd., to quartz mining claims situated in Siskiyou County. The plaintiff is a corporation organized under the laws of the State of Washington.

The appellants contend that because plaintiff had surrendered its right to "transact intrastate business in this State" (sec. 405, Civ. Code) and failed to perform "assessment work" upon the mining property for the years 1936-1937 (sec. 1426, Civ. Code, now sec. 2314, Pub. Res. Code), the claims and title thereto were forfeited.

The plaintiff is a foreign corporation organized in the State of Washington. May 11, 1931, it filed with the Secretary of State of the State of California a certified copy of its articles in full compliance with the provisions of section 405 of the Civil Code. April 28, 1931, it acquired title to the mining claims in question, located in Siskiyou County, California. For several years after filing its articles in California the corporation operated the mining enterprise. August 27, 1935, the corporation executed a three-year lease of the mining claims, with an option to purchase, to W. D. Lundy of

Long Beach, California. The corporation thereafter ceased to conduct its business of mining in the State of California. That mining enterprise was thereafter operated by the lessee, Lundy, for his own benefit. He performed the required assessment work. August 4, 1937, the foreign corporation voluntarily filed with the Secretary of State of California its written surrender of authority to transact business in this State, as provided by section 411 of the Civil Code, but specifically designated therein the representative of the corporation upon which process was authorized to be served and the post office address. October 7, 1940, this suit to quiet title to the mining claims was commenced. The appellants filed an answer to that complaint, denying the material allegations thereof, and also filed a cross-complaint asserting title to the claims and demanding a decree quieting title in their favor.

The court adopted findings favorable to the plaintiff in every respect. It was determined that the corporation was organized under the laws of the State of Washington; that it was authorized pursuant to section 405 of the Civil Code to transact an intrastate mining business in the State of California; that it acquired title and the right to possession of the mining claims in question; that all assessment work thereon was thereafter performed as required by law; that the plaintiff did not abandon its title to said claims, but did surrender its right, only, to continue to transact the intrastate mining enterprise within this state, as provided by section 411 of the Civil Code; that the plaintiff had the legal authority to maintain this suit to quiet title to its real property, and that the defendants have no right, title or interest in said mining claims. Judgment was accordingly rendered quieting title in the plaintiff to the mining claims described in the complaint. From that judgment this appeal was perfected.

▉ Under the doctrine of comity, the plaintiff, a foreign corporation, had the right to acquire and hold real property in the State of California. (23 Am.Jur., 161, sec. 164.) Neither the Constitution nor the statutes of Washington or California prohibit the holding of real property under the circumstances of this case. The plaintiff acquired title to the mining claims in California April 28, 1931. May 11th of that same year it duly qualified to transact intrastate mining business in Cali-

fornia, as provided by section 405 of the Civil Code. Sections 405 et seq. (div. 1, part 4, title 1, ch. XVI) do not prohibit foreign corporations from owning or holding real property in this state. Chapter XVI purports only to regulate the circumstances under which a foreign corporation may be permitted to transact intrastate business. The plaintiff complied with that chapter before it attempted to operate a mining business in California. It is true that the plaintiff thereafter surrendered its right to continue to maintain that mining enterprise in the State of California by filing its written certificate as required by section 411 of the Civil Code, but it did not thereby forfeit or abandon its title to the real property. The corporation executed the three year lease of the property to W. D. Lundy, August 27, 1935, after which it ceased to conduct the business of operating the mines. That lease created the relationship of landlord and tenant between the lessor and the lessee. It is not contended the lessee operated the mines as the agent or representative of the corporation.

We are of the opinion the plaintiff may not be deemed to have transacted intrastate business in California by either collecting from its lessee rental for the property or by commencing or maintaining this suit to quiet title to the land. (*General Conference of Free Baptists* v. *Berkey*, 156 Cal. 466 [105 P. 411]; *Chapman* v. *Title Guar. & Trust Co.*, 25 Cal. App.2d 567 [78 P.2d 268]; *Davies* v. *Mt. Gaines Min. & Mill. Co.*, 104 Cal.App. 730 [286 P. 740]; *Indian Refining Co., Inc.* v. *Royal Oil Co., Inc.*, 102 Cal.App. 710 [283 P. 856]; 60 A.L.R. 1018, note; 35 A.L.R. 917, note.) It will be observed the appellants concede that the plaintiff lawfully acquired the property in question and leased it to a resident of California during the time it was duly authorized to transact intrastate business as required by section 405 of the Civil Code. In that regard the only contention relied on by the appellants is that the maintenance of this suit after plaintiff surrendered its right to transact the mining business in California, as provided by section 411 of the Civil Code, constitutes the conducting of intrastate business contrary to law. That identical question was determined against the appellants' contention in the case of *Indian Refining Co., Inc.* v. *Royal Oil Co., Inc., supra*. At page 713 it is said:

"Appellants next contend that even though plaintiff had

complied with the law relative to a foreign corporation doing business in this state, . . . and had thereafter on January 5, 1926, filed with the Secretary of State a certificate surrendering its right to do intrastate business in the state of California, it still cannot maintain this action for the reason that after filing said certificate of withdrawal it has continued to do business in the state of California. . . .

"Appellants first insist that the bringing of this action, in itself, constituted doing business in this state, within the meaning of the statutes governing this case. (Stats. 1923, p. 1037.) We think that this contention cannot be upheld. (*General Conference of Free Baptists* v. *Berkey,* 156 Cal. 466 [105 P. 411].) Where a foreign corporation has complied with the provisions of law enabling it to do business in this state, and has subsequently withdrawn from such intrastate business, and filed the certificate thereof in the proper manner, there is nothing in our law to prevent it from subsequently maintaining an action to collect an account that arose while it was lawfully doing business in this state, and the filing of such an action does not constitute doing business within the meaning of the statute."

Nor did the mere collection of rent from the lessee, after the execution of the lease, constitute the conducting or continuation of the mining business. (*General Conference of Free Baptists* v. *Berkey, supra.*) In the heading to a note upon the subject of mere collections of purchase money or rental, found in 60 American Law Reports at page 1018, which is supported by numerous authorities, it is said:

"The fact that the agent collects the purchase price of the goods from the purchasers does not alter the interstate character of the transaction, or amount to doing business within the state so as to render the corporation or its agent amenable to regulation by the state."

Likewise, it has been held that even when the right of a foreign corporation to do business within the state has been *forfeited,* it is not precluded from maintaining an action in the state on a cause arising before the forfeiture. (20 C.J.S. 88, sec. 1862.) The text last cited reads:

"The forfeiture of a foreign corporation's right to do business in the state does not preclude it from thereafter maintaining an action in the state on a cause of action arising before the forfeiture, especially where it has not done

any business in the state since the forfeiture. Thus, the withdrawal or forfeiture of the right of a foreign corporation to do business in the state because of noncompliance with the statutory requirements does not affect the validity or enforceability of a contract on which a cause of action accrued before the forfeiture or which does not require or contemplate the further doing of business in the state by the corporation.''

All that section 405 of the Civil Code provides in that regard is that, ''No foreign corporation shall *transact intrastate business* in this State until it has filed with the Secretary of State a copy of its articles,'' etc. Section 408 of the same code merely provides that ''No foreign corporation *which has failed to file a certified copy of its articles* . . . in a county in this State in which it holds real property can maintain any action or proceeding, *commenced prior to such filing*, in relation to such real property, its rents, issues or profits,'' until such certified copy of its articles shall have been filed. (Italics ours.)

The foregoing prohibition evidently applies only to an action involving real property which is used in connection with the unlawful transaction of intrastate business by a foreign corporation which *fails to file* its articles as required by that chapter of the code. The restriction clearly applies only to a foreign corporation ''which has *failed to file* a certified copy of its articles.'' Moreover the restriction is limited to the maintaining of actions ''*commenced prior to such filing*.''

This action was not commenced prior to the filing of the copy of plaintiff's articles in this state. The articles were previously duly filed as required by law. The articles have never been withdrawn from the records of the Secretary of State. They are still on file in that office. The designation of the party upon whom process may be served and the post office address were specifically made and retained as required by law. We know of no reason why a foreign corporation may not maintain an action to quiet title to real property which it acquires and owns in this state, without complying with section 405 of the Civil Code, if that property is not being used by the corporation incidental to its conducting of an intrastate business.

Moreover, it has been held that the failure of a corporation to file a copy of its articles in the proper county is a

mere matter of abatement, which must be specially pleaded. (*Chapman* v. *Title Guar. & Trust Co., supra;* 6A Cal.Jur. 1377, sec. 803.) The defendants failed to demur to the complaint in this action, and the answer fails to raise the question of plaintiff's failure to comply with the provisions of the Civil Code with respect to filing with the Secretary of State a copy of its articles, or to question the effect of subsequently surrendering its right to conduct intrastate business in this state.

There is an abundance of evidence to support the findings of the court that the plaintiff did not forfeit its title to the mining claims by failure to perform the annual assessment work required by section 1426 of the Civil Code (now sec. 2314, Pub. Res. Code) for the years of 1936-1937, or otherwise. The alleged failure of the plaintiff to perform the annual assessment work as required by law constitutes an affirmative defense, the burden of proving which rests on the defendants. (*Callahan* v. *James,* 141 Cal. 291 [74 P. 853].) The defendants failed to sustain that burden. Witnesses testified in behalf of the plaintiff to both the value and character of the annual assessment work which was performed (17 Cal.Jur. 392, secs. 73, 74) sufficient to comply with the requirements of law.

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.