[Civ. No. 17287. First Dist., Div. Two. July 31, 1957.]

ROBERT A. FOLDEN et al., Appellants, v. GRACE HELEN LOBROVICH, Respondent.

*Assigned by Chairman of Judicial Council.

William G. Clark for Appellants.

John J. Jones for Respondent.

LERNHART, J. pro tem.*—This is an appeal from an order and judgment dismissing appellant's action on the ground that the subject matter of the controversy had been litigated on its merits in a prior municipal court action.

On September 28, 1954, Robert A. Folden, E. H. Hodges and Jasper Bono, doing business as the Trio Food Center, filed an action in the Municipal Court for the San Jose-Alviso Judicial District alleging the defendant, Grace Helen Lobrovich, was indebted to them in the sum of $2,400. The complaint specifically alleged that the plaintiffs were a partnership and that a certificate had been filed, acknowledged and published in accordance with the provisions of sections 2466 and 2468 of the California Civil Code. Defendant's answer denied the above allegations for lack of information or belief.

Plaintiffs admitted at the beginning of the trial that they had not complied with the code requirements when their complaint was filed, but since then a certificate had been filed and published. With defendant's consent, an affidavit showing publication and stating the name of the partnership as the Trio Meat Company was introduced into evidence. The case was tried and submitted.

After filing of points and authorities, the following judgment was rendered by the Municipal Court:

"This cause coming on regularly to be heard . . . and testimony both oral and documentary being introduced to support the Complaint of Plaintiffs herein as well as defendant's Answer herein, and the matter being submitted to the Court for its decision, and the Court being fully advised in the premises,

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs have failed to comply with provisions of Sections 2466 and 2468 of the Civil Code of the State of California, and that they take nothing by their Complaint from defendant, and that defendant have judgment for her costs taxed in the sum of $12.10."

---

*Assigned by Chairman of Judicial Council.

Later, plaintiffs filed and published a new certificate, and then commenced this suit in the superior court. The action is between the same parties in the same capacity based on the same contract to recover the same sum of $2,400 plus an additional amount in the sum of $50,000 for alleged damages.

Defendant's answer pleaded the defense of res judicata. She later made a motion to dismiss based on this defense. After oral arguments and filing of points and authorities by both parties, the court granted the motion and ordered the action dismissed with prejudice. The appeal is from judgment entered upon this order. The sole issue before this court is whether the action is barred by the doctrine of res judicata.

Failure to comply with sections 2466 and 2468 is a technical defense which must be raised by the defendants or it is waived and will not be considered by the trial court. (*Cook* v. *Fowler*, 101 Cal. 89 [35 P. 431]; *Messick* v. *Houx Bros.*, 105 Cal.App. 637 [288 P. 434].) Respondent claims that she did not raise the defense and therefore the judgment must be on the merits. This is not a necessary conclusion.

Nor does the preliminary recital in the judgment that evidence was taken on both sides and the case submitted, set up a presumption that the judgment was on the merits.

The question is what the municipal court did, not what it should or might have done. On its face, the municipal court judgment clearly indicates that it is based upon noncompliance with sections 2466 and 2468, and is not a decision upon the merits.

In interpreting a judgment, it is proper to look to the circumstances surrounding its making. Under the facts of this case, the defense of noncompliance could have been raised any time before the judgment was filed. Plaintiffs brought the action in the name of the Trio Food Center, but had not filed a certificate. Plaintiffs attempted to cure this defect before trial, but this effort was unavailing, since the certificate published and filed gave the name of Trio Meat Company. There was no proper compliance with the section before the judgment was entered.

Our interpretation of the judgment is further supported by the court's order of January 5, 1955, which states:

"The above entitled cause heretofore tried, argued and submitted is now decided as follows: Judgment will be en-

tered that plaintiffs, having failed to comply with provisions of Section 2466 and 2468 Civil Code, take nothing by their complaint from defendant.

"It is directed that counsel for plaintiffs prepare a written order for signature and filing."

■ Whether the court's holding was sound or erroneous is not a question for consideration here. The essential point is that there was no adjudication of the merits. (*Slaker* v. *McCormick-Saeltzer Co.*, 179 Cal. 387 [177 P. 155].)

■ A judgment based on noncompliance with sections 2466 and 2468 is not a bar to another action brought after compliance with the sections. (*Sweeney* v. *Stanford*, 67 Cal. 635 [8 P. 444].)

The order dismissing the action is reversed and the cause remanded with directions to the court below to hear the case on its merits.

Dooling, Acting P. J., and Draper, J., concurred.