[No. B099882. Second Dist., Div. Five. Oct. 16, 1996.]

UNITED MEDICAL MANAGEMENT LIMITED, Plaintiff and Appellant,
v.
LUCIANO R. GATTO et al., Defendants and Respondents.

COUNSEL

Scott D. Myer for Plaintiff and Appellant.

Robert Poyourow for Defendants and Respondents.

**OPINION**

**GRIGNON, Acting P. J.**—Without qualifying to transact intrastate business pursuant to Corporations Code section 2105,[1] a foreign corporation enters into a contract with a California corporation to transact intrastate business. The California corporation breaches the contract. The foreign corporation thereafter qualifies to transact intrastate business and brings an action for breach of contract. The question presented is whether the foreign corporation may maintain the breach of contract action without complying with section 2203, subdivision (c), which requires the foreign corporation to provide proof of payment of state taxes. We conclude that a foreign corporation which qualifies to transact intrastate business after transacting, but prior to commencing an action on, intrastate business may maintain the action without complying with section 2203, subdivision (c). Accordingly, we reverse the judgment of dismissal entered on the ground of noncompliance with section 2203, subdivision (c).

### STATUTORY BACKGROUND

Because the statutory background is necessary for an understanding of the facts and procedure in this case, we begin with the relevant statutes. A foreign corporation is prohibited from transacting intrastate business without first obtaining from the Secretary of State a certificate of qualification. (§ 2105, subd. (a).) In order to obtain the certificate, the foreign corporation

---

[1] All further statutory references are to the Corporations Code unless otherwise indicated.

must file a statement including its name, state of incorporation, address of its principal executive office, address of its principal office within the state, agent for service of process in the state and consent to service of process. (*Ibid.*) It must also file a statement from its state of incorporation that it is an existing corporation in good standing. (*Id.*, subd. (b).)

If a foreign corporation transacts intrastate business without qualifying, it is subject to a number of penalties. It is subject to a penalty of $20 for each day it transacts unauthorized intrastate business. (§ 2203, subd. (a).)[2] It is deemed to have consented to California's jurisdiction. (*Id.*, subd. (a).) The foreign corporation and its agents may also be guilty of misdemeanors. (§§ 2258, 2259.)

In addition, "[a] foreign corporation . . . which transacts intrastate business without complying with [s]ection 2105 shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state, commenced prior to compliance with [s]ection 2105, until it has complied with the provisions thereof and has paid to the Secretary of State a penalty of two hundred fifty dollars ($250) in addition to the fees due for filing the statement and designation required by [s]ection 2105 and has filed with the clerk of the court in which the action is pending receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business." (§ 2203, subd. (c).)

A foreign corporation which qualifies to transact intrastate business may also be subject to penalties for failure to pay state taxes. The corporate powers, rights and privileges of a foreign corporation may be forfeited for failure to pay state taxes. (Rev. & Tax. Code, § 23301.) ■ A foreign corporation whose rights have been forfeited for failure to pay state taxes may not prosecute or defend an action, nor appeal from an adverse judgment. (*Reed* v. *Norman* (1957) 48 Cal.2d 338, 343 [309 P.2d 809].) A

---

[2]Section 2203, subdivisions (a) and (b) provide: "(a) Any foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State may be subject to a penalty of twenty dollars ($20) for each day that unauthorized intrastate business is transacted; and the foreign corporation, by transacting unauthorized intrastate business, shall be deemed to consent to the jurisdiction of the courts of California in any civil action arising in this state in which the corporation is named a party defendant. [¶] (b) The penalty established by subdivision (a) of this section shall be assessed according to the number of days it is found that the corporation has been willfully doing unauthorized intrastate business. Prosecution under this section may be brought, and the money penalty recovered thereby shall be paid, in the manner provided by [s]ection 2258 for a prosecution brought under that section. The amount of the penalty assessed shall be determined by the court based upon the circumstances, including the size of the corporation and the willfulness of the violation."

foreign corporation whose rights have been forfeited for failure to pay state taxes may be reinstated upon application to the Franchise Tax Board and payment of outstanding taxes, penalties and interest. (Rev. & Tax. Code, § 23305.) Upon payment, the Franchise Tax Board issues a certificate of revivor reinstating the corporation. (Rev. & Tax. Code, § 23305a.) The reinstatement of the corporation is without prejudice to any action, defense or right which accrued by reason of the forfeiture. (*Ibid.*) "If it pays its taxes and obtains a certificate of revivor during the pendency of an action, the corporation may be allowed to carry on litigation, even to the extent of validating otherwise invalid prior proceedings." (*Benton* v. *County of Napa* (1991) 226 Cal.App.3d 1485, 1490 [277 Cal.Rptr. 541].) The revival of corporate powers validates any procedural act[3] taken on behalf of the corporation while its rights were forfeited. (*Id.* at p. 1490.) Substantive defenses, such as the statute of limitations, are not revived. (*Id.* at p. 1491.)

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff and appellant United Medical Management Limited (UMML), a Nevada corporation, is in the business of providing management and other health care related services to physicians. It did not qualify to transact intrastate business in California. On March 17, 1992, UMML entered into a contract with defendants and respondents Luciano R. Gatto and Long Beach Trauma and Physio Therapy, Inc., a California corporation (collectively, Long Beach Trauma). UMML agreed to provide $200,000 in capital to Long Beach Trauma to open a medical facility in Long Beach. Long Beach Trauma defaulted on the payments due from November 1992 through April 1994.

UMML filed a complaint for breach of contract on April 22, 1994. On June 23, 1994, Long Beach Trauma moved to dismiss the complaint on the ground that UMML was a foreign corporation transacting intrastate business and had failed to qualify to do business. Long Beach Trauma supported its motion with a certificate from the Secretary of State stating that as of May 23, 1994, UMML had not qualified to transact intrastate business. On June 29, 1994, UMML qualified to transact intrastate business and was so certified by the Secretary of State on July 11, 1994. UMML did not provide to the trial court receipts for payment of fees, penalties or taxes. On September 22, 1994, the trial court dismissed the complaint without prejudice for failure to comply with section 2203, subdivision (c).

---

[3]Procedural acts include obtaining a judgment, filing a cross-complaint, filing an appeal, obtaining an attachment, undertaking discovery, appearing on and filing motions, and defending an action. (*Benton* v. *County of Napa, supra,* 226 Cal.App.3d at pp. 1490-1491.)

UMML filed the instant complaint for breach of contract against Long Beach Trauma on November 30, 1994. On March 3, 1995, Long Beach Trauma moved to dismiss the complaint for failure to comply with section 2203, subdivision (c) in that UMML had failed to provide receipts for payment of fees, penalties and taxes. UMML filed the certificate of qualification with the trial court but did not submit receipts for payment of fees, penalties and taxes. On March 29, 1995, the trial court granted the motion to dismiss. A judgment of dismissal was entered and sanctions in the amount of $378 were awarded against UMML and its attorney. UMML appeals.

## DISCUSSION

### Statutory Interpretation

The purpose of statutory interpretation is to ascertain and effectuate legislative intent. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) Statutory interpretation is guided by the so-called "plain meaning" rule. "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . . [Citations.] [¶] But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

### Sections 2105 and 2203

A foreign corporation transacting intrastate business which has failed to qualify with the Secretary of State may nevertheless *defend* an action brought against it in state court. (*American etc. Wireless* v. *Superior Court* (1908) 153 Cal. 533, 536 [96 P. 15]; *Mediterranean Exports, Inc.* v. *Superior Court* (1981) 119 Cal.App.3d 605, 614 [174 Cal.Rptr. 169].) A foreign corporation transacting intrastate business which has failed to qualify with the Secretary of State may also *commence* an action in state court. (*Ward Land etc. Co.* v. *Mapes* (1905) 147 Cal. 747, 753 [82 P. 426].) A foreign corporation transacting intrastate business which has failed to qualify may not, however, *maintain* an action commenced prior to qualification, except upon the satisfaction of certain conditions. (§ 2203, subd. (c).)

■ The failure of a foreign corporation to qualify to transact business prior to commencing an action is a matter of abatement of the action. (*O'Connell Gold Mines, Ltd.* v. *Baker* (1944) 63 Cal.App.2d 384, 389-390 [146 P.2d 967].) Once a nonqualified foreign corporation commences an action regarding intrastate business, the defendant may assert by demurrer or as an affirmative defense in the answer the lack of capacity to *maintain* an action arising out of intrastate business. (*Id.* at p. 390.) This abatement procedure enables the foreign corporation to obtain a judicial determination as to whether it is in fact transacting intrastate business. The defendant bears the burden of proving: (1) the action arises out of the transaction of intrastate business by a foreign corporation; and (2) the action was commenced by the foreign corporation prior to qualifying to transact intrastate business. (Cf. *Thorner* v. *Selective Cam Transmission Co.* (1960) 180 Cal.App.2d 89, 90 [4 Cal.Rptr. 409].) If the defendant establishes the bar of the statute, then the foreign corporation plaintiff must comply with section 2203, subdivision (c). Ordinarily, the matter should be stayed to permit the foreign corporation to comply. If the foreign corporation plaintiff complies with section 2203, subdivision (c), by qualifying and paying fees, penalties and taxes, it may maintain the action. If the foreign corporation fails to comply, the matter should be dismissed without prejudice. A plaintiff whose action is dismissed on procedural grounds, such as noncompliance with statutory requirements, is not precluded by the doctrine of res judicata from bringing a second action, subject to the applicable statute of limitations, after compliance with the statute. (Cf. *Folden* v. *Lobrovich* (1957) 153 Cal.App.2d 32, 35 [314 P.2d 56] [failure to file a fictitious business name certificate].) Thus, a plaintiff, whose first action upon intrastate business is dismissed for failure to qualify to transact intrastate business prior to commencing the action, may, subject to the applicable statutes of limitations, bring a second action after so qualifying.

■ Section 2203, subdivision (c) is clear and unambiguous on its face. It provides for the abatement of an action brought by a foreign corporation upon intrastate business if the action is commenced prior to qualifying to transact intrastate business. "A foreign corporation . . . shall not maintain any action or proceeding . . . commenced prior to compliance with [s]ection 2105 . . . ." (§ 2203, subd. (c).) Section 2203, subdivision (c) is literally and unambiguously inapplicable to actions commenced after compliance with section 2105. (Cf. *O'Connell Gold Mines, Ltd.* v. *Baker, supra,* 63 Cal.App.2d at p. 389.) The statute has no application to actions commenced following qualification. (*Ibid.*)

Section 2203, subdivision (c) is to be narrowly construed to effect its remedial purpose. (*American etc. Wireless* v. *Superior Court, supra,* 153 Cal.

at p. 536.) Section 2203, subdivision (c) imposes a penalty upon the foreign corporation which does not qualify to transact intrastate business as required by section 2105 and merely provides that until it does so, it shall not maintain any suit or action in any court of this state; it simply forbids the exercise of a small part of the corporate powers, except on the specified conditions. (Cf. *People* v. *Alaska Pacific S. S. Co.* (1920) 182 Cal. 202, 206 [187 P. 742].) "A nonqualified corporation subject to a misdemeanor prosecution and on conviction to a heavy fine for doing business without complying with the law, is permitted to qualify, be restored to full legal competency and have its prior transactions given full effect." (*Tucker* v. *Cave Springs Min. Corp.* (1934) 139 Cal.App. 213, 217 [33 P.2d 871].)

The purpose of the certificate of qualification is to facilitate service of process and to protect against state tax evasion. (*Neogard Corp.* v. *Malott & Peterson-Grundy* (1980) 106 Cal.App.3d 213, 219 [164 Cal.Rptr. 813].) The qualification statute assures responsible and fair dealing by foreign corporations and equalizes the regulation of foreign and domestic corporations. (*Id.* at p. 223.) The qualification statute is enforced, in part, by temporarily halting lawsuits. The objective of the lawsuit suspension enforcement mechanism is to encourage qualification, rather than to penalize the failure to qualify earlier.

The qualification statute also serves the purpose of preventing tax evasion by foreign corporations, but it is not primarily a taxation measure. Revenue and Taxation Code section 23301 is a taxation measure and precludes a foreign corporation which has failed to pay its taxes from bringing or defending an action. A foreign corporation which does not pay its taxes may have its corporate powers forfeited by the Franchise Tax Board. (Rev. & Tax. Code, § 23301.) However, a foreign corporation which has qualified to do business does not forfeit its corporate powers merely because it has not paid its taxes. The forfeit of corporate powers occurs only at the time of the notice of forfeiture by the Franchise Tax Board. (*Mediterranean Exports, Inc.* v. *Superior Court, supra,* 119 Cal.App.3d at p. 617.) Thus, the mere failure to pay taxes does not prevent a foreign corporation from bringing or defending an action.

*UMML's Complaints*

UMML failed to qualify to transact intrastate business prior to filing its first complaint on April 22, 1994. Long Beach Trauma moved for dismissal and established that UMML was transacting intrastate business and had not qualified to do so. UMML was given an opportunity to comply with section

2203, subdivision (c). UMML qualified to transact intrastate business, but failed to pay the necessary fees, penalties and taxes. The trial court correctly dismissed the complaint without prejudice.

UMML then filed the instant action on November 30, 1994. Nothing prohibited the refiling of the action after qualification. At this point, UMML was required to do nothing more to maintain the action. It had obtained the certificate prior to commencing the action. Thus, the action was properly commenced and its maintenance was not abated by section 2203, subdivision (c). That section permits abatement of an action brought by a foreign corporation upon intrastate business, only if the foreign corporation failed to qualify before commencing the action. Here, the action was commenced following qualification and was not subject to abatement pursuant to section 2203, subdivision (c). UMML was therefore not required to comply with section 2203, subdivision (c). UMML has not been suspended by the Franchise Tax Board for failure to pay taxes, and thus, abatement is not required on taxation grounds.

We conclude the trial court erred in dismissing the complaint. It follows that the trial court also erred in awarding sanctions.

DISPOSITION

The judgment of dismissal is reversed. The sanctions award is vacated. UMML is awarded its costs on appeal.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied November 13, 1996, and appellant's petition for review by the Supreme Court was denied January 28, 1997.